UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ISRAEL BOLLAG, individually and on behalf all
others similarly situated,

                    Plaintiff,

        -v-                                                    No. 07 Civ. 3994 (LTS)(AJP)

XINHUA FINANCE MEDIA LTD., FREDY BUSH,
SHELLY SINGHAL, J.P. MORGAN SECURITIES
INC., UBS AG, CIBC WORLD MARKETS CORP.
and WR HAMBRECHT & CO., LLC,

                    Defendants.
------------------------------------------------------------x
LEO YEN, individually and on behalf
of all others similarly situated,

                    Plaintiff,

        -v-                                                    No. 07 Civ. 4046 (LTS)(JCF)

XINHUA FINANCE MEDIA LTD., FREDY BUSH,
SHELLY SINGHAL, ZHU SHAN, GRAHAM
EARNSHAW, ALOYSIUS T. LAWN, JOHN H.
SPRINGER, ZHAO LI, LONG QIU YUN, J.P.
MORGAN SECURITIES, INC., UBS AG, CIBC
WORLD MARKETS CORP., AND W.R.
HAMBRECHT & COMPANY, LLC.,

                    Defendants.
------------------------------------------------------------x
JOEL DARRAS, individually and on behalf of
all others similarly situated,

                    Plaintiff,

        -v-                                                    No. 07 Civ. 4144 (LTS)(AJP)

XINHUA FINANCE MEDIA LTD., FREDY BUSH,
SHELLY SINGHAL, J.P. MORGAN SECURITIES
INC., UBS AG, CIBC WORLD MARKETS CORP.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 2 6 2007

and WR HAMBRECHT & CO.,

                              Defendants.
-----------------------------------------------------------x
ALTON PARTNERS, on behalf of itself and
all others similarly situated,

                    Plaintiff,

        -v-                                              No. 07 Civ. 4443 (LTS)

XINHUA FINANCE MEDIA LIMITED, FREDY
BUSH and SHELLY SINGHAL,

                              Defendants.
-----------------------------------------------------------x
BRICKMAN INVESTMENTS, on behalf of itself
and all others similarly situated,

                    Plaintiff,

        -v-                                              No. 07 Civ. 4719 (LTS)(AJP)

XINHUA FINANCE MEDIA LTD., FREDY BUSH,
SHELLY SINGHAL, J.P. MORGAN SECURITIES
INC., UBS AG, CIBC WORLD MARKETS CORP.
and WR HAMBRECHT & CO.,

                              Defendants.
-----------------------------------------------------------x
BLOOMFIELD, INC., on behalf of itself and
all others similarly situated,

                    Plaintiff,

        -v-                                              No. 07 Civ. 4727 (LTS)(AJP)

XINHUA FINANCE MEDIA LTD., FREDY BUSH,
SHELLY SINGHAL, J.P. MORGAN SECURITIES
INC., UBS AG, CIBC WORLD MARKETS CORP.
and WR HAMBRECHT & COMPANY, LLC,

                              Defendants.
-----------------------------------------------------------x

JIAJU CHU, individually and on behalf of all
others similarly situated,

                    Plaintiff,

        -v-                                           No. 07 Civ. 6145 (LTS)(AJP)

XINHUA FINANCE MEDIA LTD., FREDY BUSH,
SHELLY SINGHAL, J.P. MORGAN SECURITIES
INC., UBS AG, CIBC WORLD MARKETS CORP.
and WR HAMBRECHT & CO.,

                    Defendants.
-------------------------------------------------------------x

LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

## ORDER CONSOLIDATING CASES AND SETTING SCHEDULE FOR APPOINTMENT OF LEAD PLAINTIFF

Rule 42 of the Federal Rules of Civil Procedure provides that the Court may

consolidate "actions involving a common question of law or fact." Fed. R. Civ. P. 42(a). A

determination on the issue of consolidation is left to the sound discretion of the Court. Johnson

v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990); Zicklin v. Breuer, 534 F. Supp. 745

(S.D.N.Y. 1982).

The Court finds that all of the above-captioned the actions present common

factual and legal issues, involve overlapping defendants and will involve similar subject matter

and similar issues related to class certification. Accordingly, the Court finds that the actions

should be consolidated, in the interests of judicial economy. Therefore, it is hereby

ORDERED as follows:

### A. CONSOLIDATION

1. The above-captioned actions are consolidated for all purposes pursuant to Federal Rule of

Civil Procedure 42(a).  The consolidated securities cases shall be referred to collectively as In re

Xinhua Finance Media, Ltd. Securities Litigation, Master File No. 07 Civ. 3994 (LTS).

2.  No action taken hereunder shall have the effect of making any person, firm or corporation a

party to any action in which the person or entity has not been named, served, or added as such in

accordance with the Federal Rules of Civil Procedure.

B. MASTER DOCKET AND SEPARATE ACTION DOCKETS

1.  A Master Docket in the Master File is hereby established for the consolidated proceedings in

the actions consolidated herein and any other actions subsequently consolidated with them either

for all purposes or for pretrial purposes (the "Consolidated Actions").  Entries in said Master

Docket shall be applicable to the Consolidated Actions, and entries shall be made therein in

accordance with the regular procedures of the Clerk of this Court, except as modified by this

Order.

2.      (a)  When a pleading is filed and the caption, pursuant to this Order, shows that it is

applicable to "All Actions," the parties shall electronically or manually file such pleading

pursuant to this Court's Guidelines and Amended Instructions for Electronic Case Filing.

(b)  When a pleading is electronically filed and the caption, pursuant to this Order, shows

that it is applicable to "All Actions," the parties shall electronically file such pleading in

the Master File only.  Docket entries shall not be made to each separate action.

(c)  When a pleading is manually filed and the caption, pursuant to this Order, shows that

it is applicable to "All Actions," the parties shall submit to this Court the original

pleading for the Master File. No copies shall be submitted for each separate action.

Upon receiving the original pleading, the Clerk shall docket the pleading to the Master

File only. Docket entries shall not be made to each separate action.

## C. MASTER FILE AND SEPARATE ACTION FILES

1. A Master File is hereby established for the consolidated proceedings in the Consolidated

Actions. The Master File shall be Civil Action No. 07 Civ. 3994 (LTS). The original of this

Order shall be docketed by the Clerk of Court in the Master File herein established.

2. The Clerk shall maintain a separate file for each of the Consolidated Actions, and filings shall

be made therein in accordance with the regular procedures of the Clerk of this Court except as

modified by Section B of this Order. The Clerk shall docket a copy of this Order in each such

separate file. Once the Clerk has docketed this Order, counsel of record in each of the

Consolidated Actions will receive a Notice of Electronic Filing.

## D. NEWLY FILED OR TRANSFERRED ACTIONS

1. When a class action that relates to the same subject matter as the Consolidated Actions is

hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be

consolidated with these actions in the same manner as the cases identified in Section A above

(provided that any case transferred to this Court solely for pretrial proceedings shall be

consolidated only to that extent absent further order of this Court), except as provided below, and

the Clerk of Court shall:

(a)    Docket a copy of this Order in the file for newly filed or transferred actions.

(b)    Make an appropriate entry in the Master Docket.

2. The Court requests the assistance of counsel in calling to the attention of the Clerk the filing

or transfer of any case which might properly be consolidated with these actions.

## E. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

1. This Order shall apply to each class action assigned to the undersigned alleging claims similar

to those set forth in these actions, whether brought on behalf of holders of Xinhua stocks, bonds,

or any other securities, so long as Xinhua is named as a defendant in the action. This Order shall

apply to each such case which is subsequently filed in or transferred to this Court and which is

assigned to the undersigned, unless a party objecting to the consolidation of that case or to any

other provision of this Order serves an application for relief from this Order or from any of its

provisions within ten (10) days after the date on which the Clerk notifies counsel for that party of

this Order. The provisions of this Order shall apply to such action pending the Court's ruling on

the application.

2. Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a

separate complaint, defendants shall not be required to answer, plead or otherwise move with

respect to that complaint in any such case. If a plaintiff in any such case is permitted to use a

separate complaint, each defendant shall have thirty days from the date the Court grants such

permission within which to answer, plead or otherwise move with respect to any such complaint.

## F. CAPTIONS

1. Every pleading filed in the Consolidated Action, and in any separate action included therein,

shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————— x
IN RE XINHUA FINANCE          :
MEDIA, LTD. SECURITIES        :
LITIGATION                    :          MASTER FILE
                              :          07 Civ. 3994 (LTS)
                              :
This Document Relates To:     :
                              :
                              :
                              :
                              :
——————————————————— x

2. When a pleading is intended to be applicable to all actions to which this Order applies, the

words "All Actions" shall appear immediately after the words "This Document Relates To:" in

the caption. When a pleading is intended to apply to fewer than all of such actions, the docket

number for each individual action to which it is intended to apply and the name of the plaintiff in

said action shall appear immediately after the words "This Document Relates To:" in the caption.

## G. FILING AND DOCKETING

1. When a paper is filed and the caption shows that it is applicable to "All Actions," the parties

shall electronically or manually file such paper pursuant to this Court's Guidelines and Amended

Instructions for Electronic Case Filing.

2.     (a) When a paper is electronically filed and the caption shows that it is applicable to "All

Actions," the parties shall electronically file such paper in the Master File only.  No

docket entries shall be made to each separate action.

(b)  When a paper is manually filed and the caption shows that it is applicable to "All

Actions," the parties shall submit to this Court the original paper for the Master File.

Copies shall not be submitted for each separate action.  Upon receiving the original paper,

the Clerk shall docket the paper to the Master File only.  Docket entries shall not be made

to each separate action.

3.        (a)  When a paper is filed and the caption shows that it is applicable to fewer than "All

Actions," the parties shall electronically or manually file such paper pursuant to this

Court's Guidelines and Amended Instructions for Electronic Case Filing.

(b)  When a paper is electronically filed and the caption shows that it is applicable to

fewer than "All Actions," the parties shall electronically file such paper in the Master File

and electronically file such paper to each separate action to which it applies.

(c)  When a paper is manually filed and the caption shows that it is applicable to fewer

than "All Actions," the parties shall submit to this Court the original paper for the Master

File and copies of such paper for each separate action to which it applies.  Upon receiving

the papers, the Clerk shall docket the original paper to the Master File and docket copies

of such paper to each separate action to which it applies.

H. SCHEDULE

1. Plaintiff in the first-filed action published notice of this action on May 22, 2007. Pursuant to the 60-day deadline established by 15 U.S.C. § 78u-4(a)(3)(A)(i), no more motions concerning the appointment of lead plaintiff in this action may be filed. Accordingly, it is hereby ORDERED that:

> (a) Any and all submissions in opposition to any pending Motions to Serve as Lead Plaintiff and/or Lead Counsel must be filed with this Court (with paper courtesy copies provided for chambers) no later than **August 6, 2007**. Any and all submissions in reply must be filed with this Court (with paper courtesy copies provided for chambers) no later than **August 13, 2007**; and

> (b) A hearing concerning the appointment of Lead Plaintiff and Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B) shall be held in this matter on **August 20, 2007 at 2:00 p.m.** in Courtroom No. 17C[1], Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007.

2. Any initial pre-trial conferences scheduled in connection with the individual above-captioned actions existing prior to the consolidation set forth in this order are hereby suspended pending further order of this Court.

---

[1]    On the day of the hearing, check the electronic board in the lobby to be certain of the proper courtroom.

3. The schedule set forth in the Stipulation and Order signed by the Court on July 23, 2007, shall

remain in effect.


SO ORDERED.

Dated: New York, New York
       July 25, 2007

                                          _____
                                          LAURA TAYLOR SWAIN
                                          United States District Judge